# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**STEVEN LEFFORD,**                                     **PETITIONER**

**v.**                                                **No. 3:08CV20-M-A**

**STATE OF MISSISSIPPI, ET AL.**                          **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Steven Lefford for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition for failure to exhaust state remedies. Lefford has not responded, and the deadline for response has expired. The matter is ripe for resolution. For the reasons set forth below, the state's motion to dismiss shall be granted and the petition dismissed for failure to exhaust state remedies.

### Facts and Procedural Posture

On July 9, 2007, Lefford pled guilty to one count of child exploitation in the Circuit Court of Lafayette County, Mississippi. That same day, Lefford was sentenced to serve a term of ten (10) years in the custody of the Mississippi Department of Corrections with five (5) years to serve and five (5) years suspended with three (3) years of the suspended sentence to be spent on supervised probation.

In the instant petition, Lefford raises the following issue (as stated by petitioner):

**Ground One**: Final Order Case 2:98-c-v-055-91-L-R.[1]
*American Civil Liberties Union vs. Alberto Gonzales in his capacity Attorney General* USA Civil Action No. 98-5591. The online protection act 47 U.S.C. §231, is facially violative of First and Fifth Amendment of the United States Constitution per final order of s/ Lowell A. Reed, Jr. S.J.

---

[1] This citation apparently refers to a case decided in the United States District Court for the Eastern District of Pennsylvania.

The claim in Ground One has not been exhausted in the state courts. As such, the instant petition for a writ of *habeas corpus* shall be dismissed for failure to exhaust state remedies.

Lefford pled guilty to the charges against him; as such, he is not entitled to a direct appeal MISS. CODE ANN. § 99-35-101. This section reads, "Any person convicted of an offense in a circuit court may appeal to the supreme court, however, an appeal from the circuit court to the supreme court shall not be allowed in any case where the defendant enters a plea of guilty." Hence, in order to exhaust his state remedies, Lefford must file a petition for post-conviction collateral relief in the Lafayette County Circuit Court, *McDonnall v. State*, 465 So. 2d 1077 (Miss. 1985), MISS. CODE ANN. § 99-39-7, then pursue that relief through an appeal to the Mississippi Supreme Court. Lefford has not, however, filed a motion for post-conviction relief.[2] In addition, the court need not explore grounds for staying this case and holding it in abeyance while Lefford exhausts his state remedies as set forth in *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528 (2005). This procedure "should be available only in limited circumstances," *Id*. at 1533-1535, and Lefford has not shown "good cause" for his failure to exhaust his claims in state court. Therefore, a stay of the case is inappropriate.

---

[2]As the state cautioned Lefford in its motion to dismiss, a properly filed state application for post-conviction collateral relief will toll the federal statute of limitations – but only if such an application is filed prior to the expiration of the one-year federal *habeas corpus* deadline. If Lefford has not already pursued such a motion, he has probably missed his opportunity for federal *habeas corpus* relief, as – barring some ground for equitable tolling – the one-year federal limitations period from entry of judgment against him would have expired on July 9, 2008. *See* 28 U.S.C. § 2244(d). It would not, however, be too late to pursue state remedies, which have a three-year limitations period. MISS. CODE ANN. § 99-39-5.

For these reasons, the instant petition for a writ of *habeas corpus* shall be dismissed without prejudice for failure to exhaust state remedies. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 11th day of August, 2008.

/s/ MICHAEL P. MILLS
CHIEF JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI